IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
(GALVESTON DIVISION)

| | | |
|---|---|---|
| **FIRST SUPERIOR INVESTMENTS, LLC, and MR. PROPERTIES** | § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-cv-00342 |
| **HELLO MORTGAGE, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., And WELLS FARGO BANK, N.A.** | § § § § § § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** First Superior Investments, LLC and Mr. Properties (Plaintiffs"), and files this its First Amended Complaint complaining of Hello Mortgage, Inc., Mortgage Electronic Registration Systems, Inc. and Wells Fargo Bank, N.A. ("Defendants") and for this cause of action would respectfully show unto this Honorable Court the following:

### Summary

1.   Defendants wrongfully foreclosed on the property owned by the Plaintiffs. However, Defendants had no right to enforce the Deed of Trust. Moreover, Defendants have violated the Truth in Lending Act ("TILA").

### Jurisdiction and Venue

2.   This Court has jurisdiction pursuant to 28 U.S.C. §1332 because this civil action involves two or more adverse parties of diverse citizenship.

## Parties

3.  Plaintiffs, First Superior Investments, LLC is a Texas Limited Liability Corporation and Mr. Properties is a sole proprietorship doing business in the State of Texas.

4.  Defendant, HELLO MORTGAGE, INC., formerly known as AMERIPRO FUNDING, INC., is a Texas Corporation and maybe served with process through it agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., is a Foreign for Profit Corporation and maybe served with process of service at 3300 S.W. 34th Avenue, Suite #101, Ocala, Florida 34474-7448 and service may be effected by personal service or Certified Mail Return Receipt requested. WELLS FARGO BANK, N.A., acting as the Mortgage Servicer (hereinafter referred to as "Wells Fargo") is a corporation doing business in Texas. It may be served with process through its agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## Causes of Action

5.  On or about September 13, 20122, Marcus Curry, III (herein "Curry") purchased a certain tract of real property located at 9431 Peridot Green Drive, Rosharon, Brazoria, County, Texas, which is more formally described as:

> LOT FIFTY-SEVEN (57) IN BLOCK ONE (1), OF FINAL PLAT STERLING LAKES AT IOWA COLONY, SECTION NINE (9), A SUBDIVISION IN BRAZORIA COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEROF, RECORDED UNDER BRAZORIA COUNTY CLERK'S FILE NO. 200746869 OF THE MAP RECORDS OF BRAZORIA COUNTY, TEXAS.

06.  On or about September 13, 2011, Curry executed a promissory note in the amount of $124,248.00 for 9431 Peridot Green Drive, Rosharon, Brazoria, County,

Texas to Ameripro Funding, Inc. The Promissory Note was secured by a deed of trust lien granted by Curry to Ameripro.

7. On December 14, 2016, Curry, deeded his interest in the property located at 9431 Peridot Green Drive, Rosharon, Brazoria, County, Texas to the Plaintiff, First Superior Investments, LLC., who has deeded its interest to Mr. Properties, the current owner of the subject property made the basis of this complaint.

8. Defendant, Wells Fargo Bank, N.A. previously posted the real property for foreclosure and sold the property at foreclosure on February 4, 2017 pursuant to the Notice of Trustee's Sale. The notice stated the sale was being conducted to satisfy a certain debt allegedly owed to the current mortgagee, WELLS FARGO, BANK, N.A. Curry neither received a demand for payment of any amounts due under note nor opportunity to timely cure default, nor received proper notice of acceleration as to said note and proper Notice of the Foreclosure. Further, Curry had continually attempted to modify this loan for the past few years. However, Curry made payments, but they were not properly credited and applied. The foreclosure sale should be set aside by this Court.

9. Plaintiffs would further show and represent to this Court, that it is their belief that the Defendant, Wells Fargo Bank, N.A. did not have authority to foreclosure on the property and in fact is not the actual holder of a properly perfected security instrument, and therefore Defendant, Wells Fargo Bank, N.A. is not entitled to collect on the debt.

## Declaratory Judgment

10.    Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiff respectfully requests that this Court issue a declaratory judgment specifying Plaintiff and Defendant's rights and duties about the original lending transaction.

11.    The original loan signed by Curry is a negotiable instrument, as that term is defined by Section 3.201 of the Texas Business and Commerce Code (hereinafter "the Code"). According to the Code, the right to enforce a negotiable instrument cannot be assigned; instead, the negotiable instrument must be negotiated. See Tex. Bus. & Comm. Code §§ 3.201 and 3.203; see also U.C.C. Article 3. An attempt to assign a note creates a claim to ownership, but does not transfer right to enforce the note. See Tex. Bus. & Comm. Code §3.203 cmt. 1 ("The rights to enforce and instrument ownership of the instrument are two different concepts…. a person who has an ownership right in an instrument might not be a person entitled to enforce the instrument.").

12.    When an instrument, such as a Note is made out to an identifiable person, it is a "special indorsement" and may be negotiated only by the indorsement of the person to whom it is made; Tex. Bus. & Comm. Code § 3.205 (Vernon Supp. 2009).

13.    Without proper endorsement, the transferee is not a holder and is not aided by any presumption that he is entitled to enforce the instrument. Tex. Bus. Comm. Code Ann.§3.201 (c) (Vernon Supp. 2009); see *Jernigan v. Bank One, Texas N.A.*, 803 S.W.2d 774 (Tex. App.-Houston 14th District., no pet).

14.    The noted Note negotiated, as required under the Code, so Defendant does not have rights to enforce the loan. Enforcement of the Note is allowed only under the three circumstances provided by Section 3.301 of the Code. Each of these circumstances requires possession of the negotiable instrument, unless (1) the instrument has been lost, stolen or destroyed (and the enforcing party was a person entitled to enforce at the time the document was lost, stolen or destroyed) or (2) the instrument was paid or accepted by mistake. In other words, enforcement depends on physical delivery of the Note. See Tex. Bus. & Comm. Code §3.203, cmt 1, §1.201.

15. To be clear, Plaintiff is not suggesting that the Property Code require that Defendant present the original Note before it can foreclose on the property, but rather that a party has no right to enforce the payment of a *debt* unless it is either *in possession* of the negotiable instrument, or it meets one of the exceptions described in the Texas Business and Commerce Code above.

16. Having never received notice that the Curry's Original Lender sold and/or endorsed the Note and related Deed of Trust to a new party, Plaintiffs are led to believe that the Original Lender is still the owner of the Note and Deed of Trust, and that the Defendant, Wells Fargo Bank is solely acting as an imposter or stranger to the property. Therefore, Defendants were not entitled to foreclose on Plaintiffs' Property because they have failed to provide proof of ownership of a lien on the property. Defendant, Wells Fargo is not named or referenced in any way on the Curry Deed of Trust and has no standing to foreclose.

17. Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiffs respectfully requests that this Court issue a declaratory judgment specifying Plaintiffs and Defendants' rights and duties about the Note and foreclosure sale.

18. Specifically, a justiciable controversy exists regarding the issue of who is the current holder of the Note (and whether that holder has a valid agency agreement with any mortgage servicer to collect payments under the Note) and whether such holder also possesses a beneficial interest in the Deed of Trust. Further, it is unclear what amounts are owed and how the payments have been applied. Plaintiffs therefore are a proper parties seeking a declaratory judgment to resolve these issues.

19. This Court is vested with the power to declare and adjudicate the rights and other legal relationships of the parties to this action.

20. In addition, possession or control over a Deed of Trust is irrelevant without a right to enforce the Note. When the Note is split from the Deed of Trust, "the Note becomes, as a practical matter, unsecured." See *Teas v. Republic National Bank*, 460 S.W.2d 233, 243 (Tex.Civ. App. 1970); Restatement (Third) of Property (Mortgages) § 5.4 cmt. a (1997). A person holding only a Deed of Trust suffers no default because only the holder of the Note is entitled to payment on it. *See*, Restatement (Third) of Property (Mortgages) §5.4 cmt. e (1997). "Where the mortgagee has 'transferred' only the

mortgage, the transaction is a nullity and the 'assignee', having received no interest in the underlying debt or obligation, has a worthless piece of paper." Richard R. Powell, Powel on Real Property, §37.27[2] (2000). Therefore, mere possession of a Deed of Trust without a concurrent right to enforce the Note does not create any authority to foreclose.

21. For all the reasons stated in this pleading, Plaintiffs seeks a declaratory judgment pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code, and requests that this Court issue a declaratory judgment that (a) declares that title to Plaintiffs' Property be quieted in favor of Plaintiffs against Defendants, (b) declare which party is the current owner and/or holder of the Note, if such information can be obtained, (c) declares the amount owed, if any on the Note, and (d) declares which party, if any, is the beneficial interest holder of the Deed of Trust.

### Violation of Truth-in-Lending

22. According to 15 USC § 1641 (g), "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer."

23. Assuming *arguendo* that Defendant, Wells Fargo is the holder and/or owner of the Note and purportedly the Deed of Trust, Defendant failed to give Curry proper notice of its ownership as a new creditor within 30 days. Therefore, Defendants are in violation of 15 USC § 1641 (g).

### Attorney's Fees

24. Plaintiffs have been obliged to employ counsel to represent their interests about Defendants' conduct.

24. The Texas Declaratory Judgment Act permits recovery of Attorney's fees. Tex. Civ. Prac. & Rem. Code 37.009. The Civ. Prac. & Rem. Code 38.001 permits reasonable Attorney fees (and costs) for claim on written contract.

### Conditions Precedent

26. All conditions precedent to Plaintiffs' claim for relief has been performed or has occurred.

### Demand for Jury Trial

27. Plaintiffs hereby demand a jury trial and will tender the requisite fee as required prior to trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendant be cited to appear and answer, and the following Order be entered:

a. A declaration that any produced assignment of the Deed of Trust purporting to encumber the Property under the Mortgage is invalid and unenforceable, ordering it removed from the title to the property made subject of this litigation, and quieting title in the Plaintiff.

b. Actual damage;

c. Statutory damages where applicable;

d. Treble damages where applicable;

e. Exemplary damages where applicable;

f. Reasonable and necessary Attorney's fees;

g. Prejudgment and post-judgment interest;

h. Costs of suit to be taxed against Defendants; and

i. All other relief, in law and in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

_____

Anthony Welch

Mr. Properties

7322 SW Freeway, Suite 802
Houston, Texas 77074
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

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was filed and served on all counsel of pursuant to the Federal Rules of Civil Procedure or by first class mail on this the ___ day of March, 2018.

**Robert T. Mowrey**
Locke Lord LLP
2200 Ross Ave
Ste 2800
Dallas, TX 75201
214-740-8732
vhess@lockelord.com

***Attorneys for Defendants***